207 A.2d 298.

CASTLE CONSTRUCTION CO., INC. *vs*. JOSEPH A. MURGO.

FEBRUARY 23, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

CONDON, C. J. This is a petition for mandamus to the respondent building inspector of the town of Bristol to issue building permits for certain lots described in the petition. The superior court issued the writ in the alternative commanding him to grant the permits prayed for in the petition or to appear in that court on February 4, 1964 and show cause why he should not do so. On that day he appeared and after a hearing the court found that he had good and sufficient cause for not issuing the permits and thereupon entered judgment dismissing the petition and quashing the alternative writ theretofore issued. From such judgment the petitioner has duly appealed to this court.

In support of its appeal petitioner filed twelve specific reasons but it has not argued them specifically in its brief. Instead it has rested its case on the resolution of the following issue: "Are purported copies of official records admissible into evidence absent proof of the existence of origi-

nals and their loss, destruction, or inaccessibility?" However, respondent does not view the issue in that frame. He frames it in this manner: "1. A — Was the Zoning Ordinance adopted June 28, 1961 by the Bristol Town Council duly adopted? 1. B — Assuming so, was the said Zoning Ordinance properly admitted into evidence as a full exhibit?"

It appears from the transcript that petitioner relied for its right to building permits on the original zoning ordinance adopted March 2, 1931. Under that ordinance one-family residences could not be built on any lot with an area of less than 4,500 square feet. Each of petitioner's lots, it is admitted, has an area of 6,600 square feet. It therefore contends that it was the mandatory duty of the building inspector to issue the building permits applied for. However, the inspector based his refusal on the ground that a later ordinance adopted June 28, 1961 and amended July 24, 1962 provided that the minimum area of the lot must be 8,000 square feet. The petitioner contended that it could find no such validly enacted ordinance. At the hearing in the superior court it admitted that if respondent could produce the original ordinance, "I will concede we are out of Court. * * * The reason we are in Court is I couldn't find it."

The respondent called Anthony J. Dennis, Jr., town clerk and clerk of the town council. He testified that he attended the special town council meeting on June 28, 1961 and recorded in the minutes that on the motion of Councilman Ferris, seconded by Councilman Gallagher, the ordinance and map presented at the meeting were adopted as the zoning ordinance and map of the town of Bristol. This ordinance and map were received and marked respondent's exhibit 10 for identification. Later it was shown to the witness and he was asked if he could identify it. He answered, "Yes." He was then asked, "What is it?" and he

replied, "It is the zoning ordinance that was to be considered by the Town Council for passage after a public hearing in 1961." At this point petitioner's counsel moved that the answer be stricken on the ground that it was secondary evidence. The trial justice denied the motion and petitioner duly excepted to the ruling.

The petitioner contends that the best evidence of the adoption of the amendment of the ordinance by the council on June 28, 1961 would be the ordinance itself, and that the council's record of its adoption is merely secondary evidence and as such inadmissible absent proof that the original was lost, destroyed or inaccessible. In support of such contention it cites several cases. In our opinion none of them is pertinent to the situation presented to the trial justice here, although they may be authority for the proposition which petitioner submits is involved in the present situation as it sees it.

After reading the transcript we do not view the situation in that light. Rather we are of the opinion, as respondent contends, that the evidence shows the amended ordinance was duly adopted by the town council on June 28, 1961. In passing upon that question it appears that the trial justice predicated his ruling on the following colloquy between the court and respondent's counsel:

"The Court: If that paper, in its present condition, was before the Council at the time the motion to adopt the resolution was made, and that resolution was passed, that became the record of the meeting. Now, I understand you are asserting that those are facts?

"Mr. Berretto: Yes.

"The Court: Is that true?

"Mr. Berretto: Yes, the Town Council Clerk has testified to that.

"The Court: Well, it will be admitted as a full exhibit, Exhibit No. 10."

The petitioner duly excepted to such ruling. On the facts as they were developed before the trial justice there is no

merit in that exception. Exhibit 10 was established as the original zoning ordinance adopted on June 28, 1961 and was not a copy as the petitioner assumes in arguing against its admissibility. This being so, the petitioner in accord with its own concession is "out of Court" and is not entitled to the building permits applied for because its lots do not meet the area requirements of the applicable zoning ordinance.

The petitioner's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner.

*Anthony R. Berretto,* for respondent.